**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**The C. J. KREHBIEL COMPANY, Respondent.**

No. 77–1129.

United States Court of Appeals, Sixth Circuit.

Feb. 22, 1979.

William R. Stewart, Elliott Moore, Paul Spielberg, Susan Papadopoulos, Deputy Associate Gen. Counsel, N. L. R. B., Emil Farkas, Director, Region 9, N. L. R. B., Cincinnati, Ohio, for petitioner.

Daniel P. Dooley, Frost & Jacobs, Cincinnati, Ohio, for respondent.

Before CELEBREZZE and KEITH, Circuit Judges and PHILLIPS, Senior Circuit Judge.

## ORDER

The NLRB found that the company in this case unlawfully discharged employees Pam Smith and Karen McCain because they engaged in the concerted protected activity of walking off the job to protest what they believed to be an unfair job assignment. The Board ordered posting of notices and backpay. Reference is made to the decision of the Board, reported at 227 NLRB No. 15, for a complete recitation of pertinent facts.

The company operates a printing establishment in Cincinnati, Ohio, where it prints, binds, and ships various kinds of books and other publications. It employs about 100 persons who work on two shifts. Both of the employees involved have worked in the shipping section on the night shift for about two years. The company conceded that both were competent and qualified employees with good work records. One Friday night the two women discussed with each other their common view that they were being treated unfairly in the job assignments they were receiving. The women thought that after working Monday through Thursday shorthanded in the shipping department in a difficult standup job, that it was unfair for them to be assigned on Friday to perform a demanding standup job in the bindery while regular bindery workers were assigned to easier sit down jobs.

At the 6:30 break, the two employees went to night foreman Charles Goforth and announced that they were going home because they felt that they were being treated unfairly. Goforth asked how long they had felt this way to which one of the employees, Ms. Smith, replied "a long time." Goforth responded that employees did not pick their jobs. The women punched out and Goforth turned in a termination slip stating that they had quit.

On the following Monday, the two employees returned to the plant ready to work and asked to see Charles Krehbiel, the president of the company. The two employees subsequently met with vice-president Robert Krehbiel and Goforth.

At the meeting, Goforth insisted that the company could not let the employees get away with what they did or else he would lose supervisory control over the bindery. Krehbiel testified that he knew how Goforth felt and was backing him 100 percent. The Administrative Law Judge credited the testimony of the employees that Goforth said during the conference that the two employees should be discharged or let go. It is undisputed that both employees left the plant immediately after the discussion ended and did not go to work.

That evening Mrs. McCain's husband called Goforth at the plant and objected to his action in firing her. Goforth stated that she was not fired but had walked off the job. A similar conversation took place that night in a conversation between the other employee, Ms. Smith, and Goforth. On the

following day, Ms. Smith, on advice of counsel, called Goforth and asked to get her job back. Mrs. McCain also called Krehbiel and asked him if she could come back to work. Ms. Smith was told "no." Mrs. McCain was told "no" since she had a personality conflict with Goforth. The women were eventually rehired 10 to 12 weeks after the incident.

We think it clear that substantial evidence supports the Board's findings that the employees were fired, and did not quit, as the company alleges. We think it equally clear that substantial evidence supports the Board's finding that the employees' conduct was protected, concerted activity within the meaning of Section 7 of the National Labor Relations Act, 29 U.S.C. § 157. *See NLRB v. Washington Aluminum Co.,* 370 U.S. 9, 82 S.Ct. 1099, 8 L.Ed.2d 298 (1962); *NLRB v. Leslie Metal Arts Co.,* 509 F.2d 811 (6th Cir. 1975); *NLRB v. KDI Precision Products, Inc.,* 436 F.2d 385 (6th Cir. 1971); *See also Marshall v. Whirlpool,* 593 F.2d 715 (6th Cir. 1979).

This is a paradigm case of the exercise of Section 7 rights. The walkout was the first protest of its kind by two employees who were conceded to be good workers. Further, the employees sought a meeting shortly thereafter with the head of the company to see if there was anything they could do about what they perceived to be an unfair job assignment. Contrary to the company's assertions, there is no evidence to suggest that they intended to dictate to the company what work they would or would not do. Nor is there evidence that the walkouts would be a recurring problem.

The Board's order is ENFORCED.